**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny PURVIS, a.k.a. Danny, a.k.a.**
**Danny Boy, a.k.a. Keys,**
**Defendant–Appellant.**

**No. 12–50523.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.\*

Filed Feb. 26, 2014.

Jean–Claude Andre, Assistant U.S., Lawrence Middleton, Assistant U.S., Cheryl L. O'Connor, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

K. Elizabeth Dahlstrom, Research and Writing, FPDCA–Federal Public Defender's Office, Santa Ana, CA, for Defendant–Appellant.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

---

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM [**]

Danny Purvis appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582, *see United States v. Wesson*, 583 F.3d 728, 730 (9th Cir.2009), and we affirm.

Purvis contends that he is entitled to a sentence reduction under the Fair Sentencing Act of 2010 and subsequent amendments to the Sentencing Guidelines. However, as Purvis concedes, he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, his sentence was not based on a Guidelines range that has been lowered, and the district court lacked authority to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2); *Wesson*, 583 F.3d at 731–32. Because Purvis cannot satisfy the first prong of section 3582(c)(2), we need not consider his arguments related to his eligibility for a sentence modification under the second prong of section 3582(c)(2), including the application of U.S.S.G. § 1B1.10.

Purvis also contends that the denial of a sentence modification based on the Fair Sentencing Act violated his right to equal protection of the law. As he concedes, this contention is foreclosed. *See United States v. Baptist*, 646 F.3d 1225, 1228–29 (9th Cir.2011) (per curiam).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.